UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANE DENMARK,

    Plaintiff

v.

LIBERTY MUTUAL ASSURANCE
COMPANY OF BOSTON, THE GENRAD,
INC. LONG TERM DISABILITY PLAN,
THROUGH TERADYNE, INC., AS
SUCCESSOR FIDUCIARY

    Defendants

Civil Action No. 04-12261-DPW

RECEIPT # 59619
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 10/27/04

MAGISTRATE JUDGE JLA

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE the Defendants, Liberty Life Assurance Company of Boston ("Liberty Life")[1] and the Genrad, Inc. Long Term Disability Plan ("the Plan"), hereby serve notice of removal of the above-entitled action to this Court and make the following showing in support of such removal:

### PLEADINGS AND PROCEEDINGS TO DATE

1.     On or about September 17, 2004, an action was commenced in Suffolk Superior Court of the Commonwealth of Massachusetts, entitled <u>Diane Denmark v. Liberty Life Assurance Company of Boston and The Genrad, Inc., Long Term Disability Plan, Through Teradyne, Inc., As Successor Fiduciary</u>, Civil Action No. 04-4089, by the filing of a Summons and Complaint, copies of which are attached hereto as <u>Exhibit A</u>.

---

[1] Incorrectly identified as Liberty Mutual Assurance Company of Boston.

2.  The first date upon which the Defendants received a copy of said Complaint was September 28, 2004. The first date upon which Liberty Life received a copy of said complaint was October 15, 2004. The foregoing Summons and Complaint and the Civil Action Cover Sheet constitute all the process, pleadings, and orders received by the Defendants to date. No further proceedings have occurred in the state action.

3.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves questions involving the laws of the United States. Specifically, this action involves a claim of alleged denial, or refusal to pay, benefits under the alleged terms of a long-term disability plan that is an employee welfare benefit plan, and therefore an employee benefit plan, regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Sections 3(1), 3(3), 4(a) and 502(a)(1)(B), 29 U.S.C. §§ 1002(1), 1002(3), 1003(a), and 1132(a)(1)(B).

### ERISA/FEDERAL QUESTION REMOVAL

4.  This Court has original jurisdiction under the provisions of Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 29 U.S.C. § 1441(b), in that Plaintiff here claims entitlement to benefits under a welfare plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), that is regulated by ERISA. Civil enforcement rights under welfare plans are governed by ERISA, and with inapplicable exception, the provisions of ERISA completely supersede and preempt any and all state laws to the extent that they relate to plans regulated by ERISA. Section 514(a) of ERISA, 29 U.S.C. § 1144(a); Ingersoll-Rand Co. V. McClendon, 498 U.S. 133 (1990) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

5.  Because the United States District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged denials of benefits and alleged acts unlawfully interfering with the attainment of benefits under welfare plans, Section 502(a), (e) of

ERISA, 29 U.S.C. § 1132(a), (e), removal of this case to this Court under the circumstances herein is proper. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

9. Defendants are providing notice to the Suffolk Superior Court and Plaintiff of this Notice of Removal in the form attached hereto as Exhibit B.

WHEREFORE, Defendants pray that the above action pending against it in Suffolk Superior Court, Commonwealth of Massachusetts Civil Action No. 04-4089, be removed therefrom to this Court.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
THE GENRAD, INC. LONG TERM DISABILITY PLAN
By their attorneys,

_/s/ Richard W. Paterniti_
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

October 27, 2004                    (617) 367-0025

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2004, a copy of the foregoing was served by first class mail on Plaintiff's counsel, Jonathan M. Feigenbaum, Philips & Angley, One Bowdoin Square, Boston, MA 02114.

_/s/ Richard W. Paterniti_
Jackson Lewis LLP