# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4089

Diane Denmark

, Plaintiff(s)

v.

Liberty Life Assurance Company of
Boston and The Genrad, Inc., Long
Term Disability Plan, Through
Teradyne, Inc., As Successor Fiduciary

Defendant(s)

## SUMMONS

To the above-named Defendant: The Genrad, Inc. Long Term Disability Plan, Through Teradyne, Inc., As Successor Fiduciary

You are hereby summoned and required to serve upon Jonathan M. Feigenbaum, Esq.

plaintiff's attorney, whose address is One Bowdoin Square, Boston, MA 02114 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____17th_____ day of
_____September_____, in the year of our Lord two thousand _04_

A TRUE COPY ATTEST
Deputy Sheriff Suffolk County.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____ 200____.          _____

**N.B.    TO PROCESS SERVER:–**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
┌─────────────────────────────────────┐
│                            , 200 .   │
└─────────────────────────────────────┘
```

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-4089

_____ Diana Danmark _____, Plff(s).

v.

Liberty Life Assurance Company of Boston
The Genrad, Inc., Long Term Disability Plan,
Through Teradyne, Inc., As Successor Fiduciary
_____, Def(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS
SUPERIOR COURT
NO.

DIANE DENMARK )
    Plaintiff )
     )
     )
V. )
     )
LIBERTY LIFE ASSURANCE COMPANY OF )
BOSTON )
THE GENRAD, INC. LONG TERM DISABILITY )
PLAN, THROUGH TERADYNE, INC., AS )
SUCCESSOR FIDUCIARY )

## COMPLAINT WITH JURY DEMAND

### Parties

1.    Plaintiff is Diane Denmark ("Ms. Denmark") an individual having a usual place of residence at Ayer, Middlesex County, Massachusetts.

2.    Defendant is Liberty Life Assurance Company of Boston ("Liberty") having a usual place of business at 100 Liberty Way, Dover, New Hampshire.

3.    Defendant is the Genrad, Inc., Long Term Disability Plan which is an employee benefit plan provided by Genrad, Inc., to employees including the plaintiff. Teradyne, Inc., is the successor fiduciary and plan sponsor, as the successor by merger to Genrad, Inc., and the Genrad, Inc., Long Term Disability Plan (" Plan"). Teradyne, Inc., is a Massachusetts Corporation having a usual place of business at 321 Harrison Street, Boston, Suffolk County, Massachusetts.

## Venue and Jurisdiction

4. Venue is proper in this Suffolk County as the defendant Teradyne, Inc., has a usual place of business in Suffolk County.

5. Jurisdiction is proper before this Court as the Courts of the Commonwealth have concurrent jurisdiction with the federal courts over employee welfare benefit claims. Teradyne, Inc., has a place of business in Suffolk County, and Liberty Life Assurance Company of Boston is an insurer licensed to do business in the Commonwealth of Massachusetts.

## Facts Common to All Counts

6. At all times material hereto, Ms. Denmark had been employed as a full time employee of Genrad, Inc., in the Commonwealth of Massachusetts.

7. The Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. Liberty insures insure the Plan and is jointly liable with Teradyne, Inc., for payment of benefits under the Plan.

9. At all times relevant hereto, Mrs. Denmark was a beneficiary under the Plan.

10. Mrs. Denmark is a "participant" in the Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

11.   Genrad, Inc., and its successor, Teradyne, Inc., is the plan sponsor and plan administrator within the meaning of ERISA, 29 U.S.C. § 1002(16)(B), and a fiduciary with respect to the Plan within the meaning of ERISA 29 U.S.C. § 1002(21)(A).

12.   Liberty has acted as a defacto fiduciary with Teradyne, Inc., under the Plan within the meaning of ERISA 29 U.S.C. § 1002(21)(A), however, Liberty has abused their fiduciary duties.

13.   Mrs. Denmark was employed as a Group Leader of Manufacturing at Genrad, Inc., from April 2, 1973 until she became occupationally disabled in October 2001.

14.   At all times material hereto, and since at least October 2, 2001, Mrs. Denmark has been "totally disabled" within the meaning of the terms of the Plan, and has been entitled under the Plan to be paid both short-term disability and long-term disability benefits, and continues to be disabled to date.

15.   The United States Social Security Administration has determined, effective March 2002, that Mrs. Denmark has been disabled and remains disabled from gainful employment, and as such pays monthly benefits to her under the Social Security Disability Income program in the amount of $1496.00 per month.

16.   Dr. Thomas Goodman, MD, who is ABMS certified in rheumatology, and licensed under the laws of the Commonwealth of Massachusetts to practice medicine, has opined that Mrs. Denmark is suffering from Fibromyalgia and is completely occupationally disabled.

17.   Dr. Peter H. Schur, MD who examined Mrs. Denmark and conducted, an Independent Medical Examination (IME) of Mrs. Denmark, has also concluded that she is completely occupationally disabled. Dr. Schur, MD, is ABMS certified in internal medicine and allergies, and is licensed under the laws of the Commonwealth of Massachusetts to

practice medicine and is a Professor of Medicine at Harvard Medical School.

18. Through April 3, 2002, Mrs. Denmark was paid short term disability benefits under the Genrad, Inc., Short Term Disability Plan.

19. Mrs. Denmark timely appealed Liberty's and the Plan's refusal to pay to her long term disability benefits due.

20. Mrs. Denmark has exhausted her administrative remedies under the Plan and under ERISA and the US Department of Labor regulations.,

### Count I

### Benefits Due From Liberty and the Plan under ERISA, 29 U.S.C.§ 1132

21. Mrs. Denmark realleges paragraphs 1 through 18 and incorporates the same by reference as if fully set forth herein again.

22. The benefit denial must be reviewed *de novo* unless the Genrad, Inc., or its successor Teradyne, Inc., has explicitly granted discretionary authority to Liberty to make claims decisions and benefits decision, and only if Liberty has not abused that discretion, if appropriately granted.

23. As the de facto plan administrator and benefit payor and de facto fiduciary, Liberty is operating under a conflict of interest, and any decision must be reviewed *de novo*, or at least under the *heightened* arbitrary and capricious standard of review.

24. In this instance, Liberty has abused any discretion that it may have been granted, for reasons including but not limited to: (a) its failure to consider all relative evidence of disability; (b) its failure to ignore evidence favorable to Mrs. Denmark and to only look to evidence that supports a claim denial; ( c) its reliance on a physician at Elite Physicians

part of Network Medical Review, an organization that has been criticized by many federal courts as being biased and rendering decisions that insurance companies desire, and Liberty's complete rejection of an IME and treating doctor opinions; (d) failing to provide notices to Mrs. Denmark in conformity with ERISA and US Department of Labor regulations; (e) and failing to explain that the Social Security Administration finding of disability is not probative under Liberty's analysis.

25.    Liberty's decision to deny benefits to Mrs. Denmark the Plan are wrongful. Liberty's decision is wrongful under the *de novo* standard or the arbitrary and capricious standard, or the *heightened* scrutiny standard of review.

26.    Mrs. Denmark fulfilled all of the requirements for obtaining benefits under the Plan and the insurance policy of Liberty.

27.    As a result of Liberty's and the Plan's refusal and failure to pay to Mrs. Denmark disability benefits provided to her and to those participants who are totally disabled, Mrs. Denmark is entitled to relief against the Plan and Liberty to recover benefits due to her under the terms of the Plan, to enforce her rights to benefits under the Plan and to clarify her rights to future benefits under the Plan, pursuant to 29 U.S.C. § 1132 (a)(1)(B), (2) and (3).

## Count II

### Breach of Contract Against Liberty

28.  Mrs. Denmark realleges paragraphs 1 through 25 and incorporates the same by reference as if fully set forth herein again.

29.  Mrs. Denmark is a direct, or intended third party beneficiary of an insurance contract between Liberty and Teradyne, Inc., as successor to Teradyne, Inc.

30.  Liberty has breached that insurance contract, and caused Mrs. Denmark to suffer damages.

WHEREFORE, plaintiff Diane Denmark demands relief and judgment, jointly and severally, against all defendants as follows:

1.  In an amount of damages, or equitable relief, to be determined by this Court, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2.  Injunctive relief declaring the rights and duties of the plaintiff and defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3.  For an order precluding a remand of this matter or for further determination by the defendants regarding the denial of benefits.

4.  For damages for breach of contract.

5.  For such other relief as this Court deems just and proper.

PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.

DIANE DENMARK
By Her Attorneys,

Date: September 15, 2004

Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

L:\Denm001\complaint.wpd

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Diane Denmark | Liberty Life Assurance Company of Boston - Teradyne, Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Jonathan M. Feigenbaum, Esq. Phillips & Angley One Bowdoin Square, Boston, MA 02114 Board of Bar Overseers number: 546686 | |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Insurance Contract | | (x) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $. . . . . . . . . . . .
2. Total Doctor expenses .................................................. $. . . . . . . . . . . .
3. Total chiropractic expenses ............................................ $. . . . . . . . . . . .
4. Total physical therapy expenses ....................................... $. . . . . . . . . . . .
5. Total other expenses (describe) ....................................... $. . . . . . . . . . . .
                                                            Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date ........................ $. . . . . . . . . . . .
C. Documented property damages to date ................................... $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses ........... $. . . . . . . . . . . .
E. Reasonably anticipated lost wages ..................................... $. . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                     $. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                     $. . . . . . . . . . . .
                                                            TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendants owe the Plaintiff in excess of $25,000 for disability benefits plus interest, costs and attorneys' fees

TOTAL $. 25,000.00+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 9/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) Diane Denmark | DEFENDANT(S) Liberty Life Assurance Company of Boston - Teradyne, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jonathan M. Feigenbaum, Esq. Phillips & Angley One Bowdoin Square, Boston, MA 02114 BOARD or B.B.O. contact number 546688 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)   TRACK | IS THIS A JURY CASE? |
|---|---|---|
| A01 | Breach of Insurance Contract (F) | ( y )Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $............
2. Total Doctor expenses ............................................................ $............
3. Total chiropractic expenses ...................................................... $............
4. Total physical therapy expenses .................................................. $............
5. Total other expenses (describe) ................................................... $............
                                                                    Subtotal $............
B. Documented lost wages and compensation to date ....................................... $............
C. Documented property damages to date ............................................... $............
D. Reasonably anticipated future medical and hospital expenses ............................. $............
E. Reasonably anticipated lost wages ................................................. $............
F. Other documented items of damages (describe)

                                                                    $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                    $............
                                                            TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendants owe the Plaintiff in excess of $25,000 for disability benefits plus interest, costs and attorneys' fees

                                                    TOTAL $. 25,000.00+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                          DATE:9/15/04

AOTC-6 mtc005-11/99
I.O.S.C. 1-2000