UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

## ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Life Assurance Company of Boston[1] ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

## PARTIES

1.  Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.  In further responding, Liberty Life refers the Court to the administrative record.

2.  Liberty Life admits the allegations in paragraph 2.

3.  Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except it admits that the Plan is an employee welfare benefit plan.  In further responding, Liberty Life states that this paragraph includes conclusions of law to which no response is required.

---

[1] Incorrectly named as Liberty Mutual Assurance Company of Boston

## VENUE AND JURISDICTION

4. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations therein, except admits so much of this paragraph as alleges that Teradyne has a place of business in Suffolk County.

5. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations, except admits so much of this paragraph as alleges that it is an insurer licensed to do business in the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. In further responding, Liberty Life refers the Court to the administrative record.

7. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations, except admits so much of this paragraph as alleges that the plan is an employee welfare benefit plan.

8. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations, except admits so much of this paragraph as alleges that Liberty Life issued a policy of insurance to the plan under which benefits were provided.

9. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

10. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

11. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

13. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except denies that Plaintiff "became occupationally disabled in October 2001." In further responding, Liberty Life refers the Court to the administrative record.

14. Liberty Life denies the allegations in paragraph 14. In further responding, Liberty Life refers the Court to the administrative record and the medical records therein, which speak for themselves.

15. Liberty Life states that the records for Plaintiff and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

16. Liberty Life states that the records of Dr. Goodman and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

17. Liberty Life states that the report of Dr. Schur for Plaintiff and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

18. Liberty Life admits the allegations in this paragraph.

19. Liberty Life admits so much of this paragraph as alleges that Plaintiff timely appealed the decision regarding her claim for long-term disability benefits. Otherwise, Liberty Life denies the allegations in this paragraph.

20. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life admits the allegations in this paragraph.

## COUNT I

### BENEFITS DUE FROM LIBERTY AND THE PLAN UNDER ERISA
### 29 U.S.C. §1132

21. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 20 above.

22. Liberty Life denies the allegations in paragraph 22.

23. Liberty Life denies the allegations in paragraph 23.

24. Liberty Life denies the allegations in paragraph 24.

25. Liberty Life denies the allegations in paragraph 25.

26. Liberty Life denies the allegations in paragraph 26.

27. Liberty Life denies the allegations in paragraph 27.

## COUNT II

## BREACH OF CONTRACT AGAINST LIBERTY

28. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 27 above.

29. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

30. Liberty Life denies the allegations in paragraph 30.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

## THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

## FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

### NINTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are pre-empted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury on the claims asserted in her Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claim is barred for a lack of consideration.

### TWELFTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br>By their attorneys, |
|  | /s/ Richard W. Paterniti<br>Andrew C. Pickett, BBO# 549872<br>Richard W. Paterniti, BBO#645170<br>Jackson Lewis LLP<br>75 Park Plaza<br>Boston, MA 02116 |
| November ____, 2004 | (617) 367-0025 |

## CERTIFICATE OF SERVICE

I hereby certify that on November _____, 2004, a copy of the foregoing was served by first class mail on Plaintiff's counsel, Jonathan M. Feigenbaum, Philips & Angley, One Bowdoin Square, Boston, MA 02114.

/s/ Richard W. Paterniti
Jackson Lewis LLP

H:\PaternitiR\Liberty Life Assurance\Denmark\Pleadings\Answer - Liberty Life.doc