UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANE DENMARK,

    Plaintiff

v.

LIBERTY MUTUAL ASSURANCE
COMPANY OF BOSTON, THE GENRAD,
INC. LONG TERM DISABILITY PLAN,
THROUGH TERADYNE, INC., AS
SUCCESSOR FIDUCIARY

    Defendants

Civil Action No. 04-12261-DPW

**ANSWER OF THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY TO PLAINTIFF'S COMPLAINT**

    Defendant, The Genrad, Inc. Long-Term Disability Plan, Through Teradyne, Inc., as Successor Fiduciary ("the Plan") hereby answers the allegations contained in Plaintiff's Complaint as follows:

**PARTIES**

    1.    The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

    2.    The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

    3.    This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan admits the allegations in paragraph 3, except denies so much of this paragraph as alleges that Teradyne, Inc. is a fiduciary.

**VENUE AND JURISDICTION**

4. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations, except admits so much of this paragraph as alleges that Teradyne, Inc. has a usual place of business in Suffolk County.

5. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations, except admits so much of this paragraph as alleges that Teradyne, Inc. has a usual place of business in Suffolk County and denies knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning Liberty Life Assurance Company of Boston ("Liberty Life").

**FACTS COMMON TO ALL COUNTS**

6. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations, except admits so much of this paragraph as alleges that the Plan is an employee welfare benefit plan.

8. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations, except admits so much of this paragraph as alleges that Liberty Life issued a policy of insurance to the Plan under which benefits were provided.

9. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations in this paragraph.

10. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations in this paragraph.

11. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations in this paragraph.

12. This paragraph states conclusions of law to which no response is required. In addition, this paragraph states allegations against a party other than the Plan to which the Plan is not required to respond. To the extent this paragraph requires a response, the Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. In further responding, the Plan refers the Court to the administrative record.

14. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. In further responding, the Plan refers the Court to the administrative record.

15. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. In further responding, the Plan refers the Court to the administrative record.

16. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. In further responding, the Plan refers the Court to the administrative record.

17. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. In further responding, the Plan refers the Court to the administrative record.

18.   The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.  In further responding, the Plan refers the Court to the administrative record.

19.   The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.  In further responding, the Plan refers the Court to the administrative record.

20.   This paragraph states conclusions of law to which no response is required.  To the extent this paragraph requires a response, the Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.  In further responding, the Plan refers the Court to the administrative record.

## COUNT I

### BENEFITS DUE FROM LIBERTY AND THE PLAN UNDER ERISA
### 29 U.S.C. §1132

21.   The Plan restates and incorporates by reference its responses to paragraphs 1 through 20 above.

22.   The Plan denies the allegations in paragraph 22.

23.   The Plan denies the allegations in paragraph 23.

24.   To the extent that this paragraph states allegations against a party other than the Plan, the Plan is not required to respond to these allegations.  To the extent that this paragraph states allegations against the Plan, the Plan denies the allegations in paragraph 24.

25.   To the extent that this paragraph states allegations against a party other than the Plan, the Plan is not required to respond to these allegations.  To the extent that this paragraph states allegations against the Plan, the Plan denies the allegations in paragraph 25.

26.     The Plan denies the allegations in paragraph 26.

27.     The Plan denies the allegations in paragraph 27.

## COUNT II

## BREACH OF CONTRACT AGAINST LIBERTY

28.     The Plan restates and incorporates by reference its responses to paragraphs 1 through 27 above.

29.     To the extent that this paragraph states allegations against a party other than the Plan, the Plan is not required to respond to these allegations. To the extent that this paragraph states allegations against the Plan, the Plan denies the allegations in paragraph 29. In further responding, this paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, the Plan denies the allegations in this paragraph.

30.     To the extent that this paragraph states allegations against a party other than the Plan, the Plan is not required to respond to these allegations. To the extent that this paragraph states allegations against the Plan, the Plan denies the allegations in paragraph 30.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than the Plan and over whom the Plan had no authority or control and for whom the Plan is not liable.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, the Plan requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times the Plan acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and the Plan did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

### NINTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are pre-empted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury on the claims asserted in her Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plan reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, the Plan prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of the Plan;

3. The Court award the Plan its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

Respectfully submitted,

THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
By their attorneys,

/s/ Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
November ____, 2004          (617) 367-0025

**CERTIFICATE OF SERVICE**

I hereby certify that on November _____, 2004, a copy of the foregoing was served by first class mail on Plaintiff's counsel, Jonathan M. Feigenbaum, Philips & Angley, One Bowdoin Square, Boston, MA 02114.

/s/ Richard W. Paterniti
Jackson Lewis LLP

H:\PaternitiR\Liberty Life Assurance\Denmark\Pleadings\Answer - The Plan.doc