UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANE DENMARK,

     Plaintiff

v.

LIBERTY MUTUAL ASSURANCE
COMPANY OF BOSTON, THE GENRAD,
INC. LONG TERM DISABILITY PLAN,
THROUGH TERADYNE, INC., AS
SUCCESSOR FIDUCIARY

     Defendants

Civil Action No. 04-12261-DPW

**PLAINTIFF'S MOTION FOR
FOCUSED PRE-TRIAL DISCOVERY RELATING TO
THE SCOPE OF THE ADMINISTRATIVE RECORD
WITH RULE 7.1 CERTIFICATION**

NOW COMES the plaintiff, Diane Denmark ("Denmark"), pursuant to Rule 7(b) of

F.R.C.P.,  Rule 7.1 of the local rules and the Scheduling Order of this Court, plaintiff moves this

Court to enter an order permitting the plaintiff to engage in limited and focused pre-trial

discovery. In support of this motion, the plaintiff has filed her memorandum herewith and

exhibits. The form of a proposed order follows the signature page of this motion.

Denmark filed this action after she was paid short term disability benefits, but denied

LTD benefits by Liberty.  In her complaint, plaintiff Diane Denmark ("Denmark") alleges that

she is entitled to relief under 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and more specifically that

Liberty wrongfully denied her claim long-term disability benefits.

The purpose of the motion is to discover, the scope of documents that comprise the

administrative record relating to the basis for Liberty Mutual Assurance Company of Boston's

("Liberty") for denial of Denmark's long-term disability benefits ("LTD benefits:).

Denmark seeks to discover claims manuals, instructional and training documents available to Liberty's claims adjusters. These documents should have been disclosed during the internal appeal process, and should be disclosed as part of the record on review before this Court. The United States Department of Labor regulations require such disclosure, and so does the First Circuit. Glista v. Unum Life Insurance Company of America, F.3d 113, 123 (1st Cir. 2004).

Denmark seeks to discover information between Liberty and Network Medical Review / Elite Physician, Ltd ("NMR"). In this instance, Liberty relied on a NMR doctor to support its LTD denial. That doctor, who only reviewed unspecified records, rendered an opinion that conflicted with an examining Independent Medical Examiner doctor who opined that Denmark was occupational disabled, and with the United States Social Security Administration that also found Denmark disabled.

There is substantial reason to believe that NMR does not provide unbiased reviews when retained by insurers, and a number of courts have thus ordered discovery regarding the relationship between NMR and insurers. Darland v. Fortis Benefits Ins. Co., 317 F.3d 516, 527-531 (6th Cir. 2003); Ladd v. ITT Corp., 148 F.3d 753 (7th Cir. 1998). Liberty has represented to Denmark that some of her medical records were reviewed by an "independent" doctor and that he concluded she was not disabled, and thus she was not entitled to LTD benefits.

## THE DISCOVERY SOUGHT

Denmark seeks very limited discovery set out below.

### DOCUMENT DISCOVERY

1.  The Plaintiff requests that the Liberty produce all claims manuals, instructional and training documents available to Liberty's claims adjusters from October 3, 2001 (the date that Denmark sought benefits)  through August 23, 2004(the date Liberty contended it had produced all relevant records).

2. The Plaintiff requests that Liberty produce the following documents pertaining to its relationship with Network Medical Review - Elite Physicians, Ltd. ("NMR") from January 1, 2002 to the present:

   a. IRS 1099 form(s) regarding compensation paid by Liberty to NMR;

   b. Instructions provided by NMR to its participating physicians concerning writing reports concerning insurance claimants;

   c. Correspondence between Liberty and NMR concerning Denmark.

### INTERROGATORY

Please state the number of files that Liberty and its affiliated companies have referred to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd., by year, how much Liberty and its affiliated companies pay for a review, and how much in total, by year, Liberty and its affiliated companies have paid to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd.

## RULE 7.1 CERTIFICATION

**Plaintiff's counsel certifies that he conferred with attorney Richard Paterniti who represents all defendants in this matter, before the scheduling conference of December 9, 2004, and after the scheduling conference, advising that the plaintiff wanted to take limited discovery. Defendants' counsel would not agree to the plaintiff taking any discovery.**

DIANE DENMARK

/s/ Jonathan M. Feigenbaum

_____

Jonathan M. Feigenbaum, Esq.

B.B.O. #546686

Philips & Angley

One Bowdoin Square

Boston, MA 02114

Tel. No. : (617) 367-8787

Date: January 20, 2005

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING TO ALL PARTIES OR THEIR COUNSEL OF RECORD THIS DAY BY MAIL DELIVERY

/s/ JONATHAN M. FEIGENBAUM, ESQ

_____

JONATHAN M. FEIGENBAUM, ESQ.

L:\DENM001\MOTION.DISCOVERY.WPD

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>        Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE<br>COMPANY OF BOSTON, THE GENRAD,<br>INC. LONG TERM DISABILITY PLAN,<br>THROUGH TERADYNE, INC., AS<br>SUCCESSOR FIDUCIARY<br><br>        Defendants | Civil Action No. 04-12261-DPW |

**ORDER ON**

**PLAINTIFF'S MOTION FOR**

**FOCUSED PRE-TRIAL DISCOVERY RELATING TO**

**THE SCOPE OF THE ADMINISTRATIVE RECORD**

After reviewing the motion of the plaintiff and the opposition of the defendants,

for good causes shown,

and based on part on Glista v. Unum Life Insurance Company of America,  F.3d 113, 123 (1st

Cir. 2004),

the defendant Liberty Mutual Assurance Company of Boston, is hereby ORDERED to respond

to the document requests 1 and 2 set out below, and the interrogatory set out below no later than

February 11, 2005, and to produce responsive documents by  February 11, 2005.

**DOCUMENTS SOUGHT**

1.  The Plaintiff requests that the Liberty produce all claims manuals, instructional and training documents available to Liberty's claims adjusters from October 3, 2001 (the date that Denmark sought benefits)  through August 23, 2004(the date Liberty contended it had produced all relevant records).

2. The Plaintiff requests that Liberty produce the following documents pertaining to its relationship with Network Medical Review - Elite Physicians, Ltd. ("NMR") from January 1, 2002 to the present:

    a. IRS 1099 form(s) regarding compensation paid by Liberty to NMR;

    b. Instructions provided by NMR to its participating physicians concerning

       writing reports concerning insurance claimants;

    c. Correspondence between Liberty and NMR concerning Denmark.

**INTERROGATORY**

Please state the number of files that Liberty and its affiliated companies have referred to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd., by year, how much Liberty and its affiliated companies pay for a review, and how much in total, by year, Liberty and its affiliated companies have paid to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd.

DATED this      Day of               2005, in this Judicial District.

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT COURT JUDGE