UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPLICATION OF ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW**

Defendants, Liberty Life Assurance Company of Boston ("Liberty Life") and The Genrad Inc. Long Term Disability Plan, through Teradyne, Inc., as Successor Fiduciary ("The Plan"), move this Court to apply the "arbitrary and capricious" standard of review in this ERISA denial of benefits case. Defendants submit this memorandum in support of their motion. As set forth below, the Court should apply this deferential standard of review because the Plan contains the appropriate language granting discretionary authority to Liberty Life to determine eligibility for benefits and to construe the terms of the plan.

**I.   Summary of Relevant Facts**

Plaintiff, a Group Leader in Manufacturing at Teradyne, Inc., brings this action seeking long-term disability benefits, which were previously denied by Liberty Life. As part of her employment with Genrad and then Teradyne, Plaintiff was offered coverage under a group disability insurance plan (the "Plan"). This Plan is an ERISA welfare employee benefit plan.

Under the Plan, long-term disability benefits were provided through a policy of insurance (the "Policy"). Liberty Life issued the Policy and is the insurer for long-term disability benefits under the Policy. Plaintiff applied for long-term disability benefits under the Plan and claims that she is entitled to long-term disability benefits because she is disabled from her job due to her alleged fibromyalgia.

Liberty Life initially conducted a review of Plaintiff's claim for short-term disability benefits, which included a medical review by an independent physician specializing in physical medicine and rehabilitation. After Plaintiff applied for long-term disability benefits, Liberty Life conducted another review of Plaintiff's claim, which included a review of Plaintiff's medical records and claims file by a nurse in Liberty Life's Managed Disability Services ("MDS") department. After the initial denial of these benefits by Liberty Life, Liberty Life's review of Plaintiff's appeal of the decision to deny her claim for benefits included an additional medical review of the claims file by a physician specializing in rheumatology. All of these medical reviewers concluded that Plaintiff's condition did not prevent her from performing the activities of a Group Leader at Teradyne, Inc. Throughout the administrative review process, Plaintiff was given the opportunity to submit any information that she chose to submit to support her claim.

Based on the Plaintiff's medical records, the opinions of a reviewing nurse and independent physicians, and based on the entire claims file, Liberty Life concluded that Plaintiff was not disabled under the Policy. In light of its extensive review process and the records in the claims file, Liberty Life submits that its decision was reasonable and should be upheld under the Employee Retirement Income Security Act of 1974 ("ERISA").

II. **Liberty Life's Determination of Plaintiff's Eligibility for Benefits is Reviewed Under An Arbitrary and Capricious Standard**

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the United States Supreme Court held that "[c]onsistent with established principles of trust law, we hold that a denial of benefits under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard *unless* the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan." Firestone, 489 U.S. at 115. Consistent with Firestone, the law in the First Circuit is clear: "[w]here a benefits plan grants discretionary authority to the plan administrator, [the First Circuit Court of Appeals] review[s] this administrator's decisions to determine whether they are arbitrary and capricious." Sullivan v. Raytheon Co., 262 F.3d 41, 50 (1st Cir. 2001), cert. denied, 534 U.S. 1118 (2002) (citing Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000) and Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998)). In this case, such discretionary language is present. The Plan expressly states, at Section 7:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

(See AR at 35.)[1] This language provides a clear grant of discretionary authority to Liberty Life by allocating to it the right to make factual findings, to determine eligibility for benefits, and/or to interpret the terms of the Plan. See Terry, 145 F.3d at 37 (holding that Plan properly granted discretionary authority to Plan Administrator, because it allocated to the Company the right to find necessary facts, determine eligibility for benefits, and interpret the terms of the Plan).

---

[1] Defendants previously submitted the administrative record to the Court, which included the Policy, on or about January 20, 2005.

3

The arbitrary and capricious standard requires this Court to determine only whether an administrator's decision is plausible in light of the record as a whole, or, put another way, whether the decision is within the administrator's authority, reasoned and supported by substantial evidence in the record, that is, evidence reasonably sufficient to support a conclusion.[2]  See Pari-Fasano v. ITT Hartford Life & Accid. Ins. Co., 230 F.3d 415, 419 (1st Cir. 2000); Sullivan v. Raytheon Corporation, 262, F.3d 41, 50 (1st Cir. 2001).

"Moreover, the existence of contradictory evidence does not, in itself, make the administrator's decision arbitrary." Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 30 (1st 2001).  Under this standard, "'a court is not to substitute its judgment for that of the [decision-maker].'" Terry v. Bayer Corporation, 145 F.3d 28, 40 (1st Cir. 1998).  The deciding administrator's decision will be upheld if it is reasonable.  See id.

Because the arbitrary and capricious standard emphasizes reasonableness, it recognizes "that in order to find that an insurer had abused its discretion under the contract, [a court] would have to conclude that the insurer's eligibility determination was unreasonable in light of the information available to it." Pari-Fasano, 230 F.2d at 419.

---

[2] Under First Circuit law, even if Liberty Life, or any claims fiduciary, pays the disability benefits from its own assets, the decision by Liberty Life, or any claims fiduciary, is still reviewed for reasonableness under the arbitrary and capricious standard.  See Pari-Fasano v. ITT Hartford Life & Accid. Ins. Co., 230 F.3d 415, 418-419 (1st Cir. 2000); Doe v. Travelers Ins. Co., 167 F.3d 53, 57 (1st Cir. 1999).

4

### III. <u>Conclusion</u>

For the foregoing reasons, Defendant respectfully submits that the decision to deny Plaintiff's request for long-term disability benefits should be reviewed by this Court under the "arbitrary and capricious" standard of review.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
By their attorney,

/s/Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO #645170
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
paternir@jacksonlewis.com

Dated: February 4, 2005