UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

**OPPOSITION OF DEFENDANTS TO MOTION OF PLAINTIFF TO ENLARGE THE DATE TO COMPLETE DISCOVERY**

Defendants, Liberty Life Assurance Company of Boston ("Liberty Life")[1] and The Genrad, Inc. Long Term Disability Plan, Through Teradyne, Inc., as Successor Fiduciary ("the Plan"), hereby oppose Motion of Plaintiff to Enlarge the Date to Complete Discovery for the reasons set forth below.

1.     Plaintiff brings a straightforward claim concerning a denial of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA").

2.     On or about December 2, 2004, the parties filed their Joint Statement Pursuant to Local Rule 16.1(D), which included a proposed Pre-Trial Schedule and Discovery Plan. Pursuant to that schedule, Defendants produced the administrative record to Plaintiff. The schedule also provided that the "Deadline for filing motions showing cause for discovery, if any party seeks any further discovery" (other than the administrative record), was January 20, 2005, and the deadline for oppositions to such motions was February 11, 2005. On or about December

---

[1] Incorrectly identified in the Complaint as Liberty Mutual Assurance Company of Boston

9, 2004, the Court adopted this schedule. In the Scheduling Order, the Court also noted that "discovery is to be completed by February 11, 2005, unless shortened or enlarged by Order of this Court."

3. On or about January 20, 2005, Plaintiff filed a Motion for Focused Pre-Trial Discovery Relating to the Scope of the Administrative Record.

4. Subsequently, on or about February 4, 2005, Plaintiff filed a motion to enlarge the date to complete discovery. In that motion, she requested that the court enlarge the time period for completing discovery to the later of the date that the court selects as the date for completion of discovery or the date that the Defendants comply with any Court order relating to Plaintiff's pending motion for discovery, should the Court allow such motion.[2]

5. Defendants oppose this motion on the grounds that it is superfluous, because such an extension is unnecessary. Specifically, Plaintiff timely made her request for discovery in this case, as presented in her Motion for Focused Pre-Trial Discovery. While Defendants have opposed that motion, if the Court should allow it, Defendants will comply with the Court's Order and will respond accordingly to the discovery requested. As a result, there is no need to "reschedule" the discovery deadline, as Plaintiff has made her discovery requests, and Defendants will comply with any Court Order regarding the pending motions relating to those requests.

---

[2] On or about February 9, 2005, the parties filed a Joint Motion to Extend All Remaining Deadlines, including the deadline for Defendant to file an opposition to the Motion of Plaintiff to Enlarge the Date to Complete Discovery. The parties' joint motion also included a request to extend the deadline for Plaintiff's Opposition to Defendant's Motion for Focused Discovery. The Court granted this motion, and as a result, Defendant's Opposition to Plaintiff's Motion for Focused Pre-Trial Discovery was rescheduled for March 11, 2005. Defendants filed their opposition on that date.

WHEREFORE, Defendants request that the Court deny the Motion of Plaintiff to Enlarge the Date to Complete Discovery on the grounds that it is unnecessary.

>Respectfully submitted,
>
>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
>By their attorneys,
>
>/s/ Richard W. Paterniti
>Andrew C. Pickett, BBO# 549872
>Richard W. Paterniti, BBO#645170
>Jackson Lewis LLP
>75 Park Plaza
>Boston, MA 02116

March 18, 2005                    (617) 367-0025