UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>      Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>      Defendants | Civil Action No. 04-12261-DPW |

**PLAINTIFF'S REPLY TO DEFENDANT LIBERTY MUTUAL'S OPPOSITION TO MOTION OF PLAINTIFF FOR FOCUSEDPRE-TRIAL DISCOVERY RELATING TO THE SCOPE OF THE ADMINISTRATRIVE RECORD**

NOW COMES the plaintiff and files this short reply to the opposition of Liberty Mutual to plaintiff's motion to allow focused pre-trial discovery. This reply is being filed after this Court entered an order permitting a reply.

The reason for filing this reply is to alert the Court to two (2) decisions after January 20, 2005, the date that plaintiff filed her motion for discovery, and Liberty Mutual's partial reliance on a District Court case that was reversed in the Eighth Circuit on January 25, 2005. Liberty Mutual only cites to the District Court case.

(1) <u>Palmiotti v. Metropolitan Life Insurance Company</u>, 2005 WL 552017 (March 9, 2005, S.D.N.Y.), ordering MetLife to produce its claims type manuals, without a protective order, in an ERISA long term disability benefits case. Attached herewith as **EXHIBIT A**;

(2) Clark v. Metropolitan Life Insurance Company et al, CV04-1236-VAP, United States District Court for the Central District of California, (March 1, 2005) ordering MetLife to respond to very similar interrogatories sought by plaintiff Diane Denmark. Attached herewith as **EXHIBIT B**; and

(3) Abraham v. Cargill, 395 F.3d 882 (8th Cir. 2005) overturning Abraham v. Cargill, an unpublished District Court opinion cited on page 16 of Liberty Mutual's memorandum. (8th Circuit held that process used by plan was not consistent with full and fair review, insofar as employee should have been permitted to review and respond to independent medical examiner's report serving as basis for benefits denial before that decision was made).

Contrary to what Liberty Mutual argues in its opposition, the plaintiff has not proposed burdensome discovery in connection with this ERISA long-term disability benefits denial. The plaintiff seeks claims manuals and the like, that the US Department of Labor ("DOL") requires by regulation to be produced, and which were ordered produced without a protective order on March 9, 2005 Palmiotti v. Metropolitan Life Insurance Company, 2005 WL 552017 (March 9, 2005, S.D.N.Y.), based on the US DOL regulations following the mandate of Glista v. Unum Life Insurance Company of America, 378 F.3d 113, 123 (1st Cir. 2004)

In addition, plaintiff requests that Liberty respond to a very limited number of interrogatory questions relating to the relationship between Network Medical Review – Elite Physicians ("NMR") and Liberty. That type of discovery request was allowed on March 1, 2005 in Clark v. Metropolitan Life Insurance Company et al, CV04-1236-VAP, United States District Court for the Central District of California.

The reason that the plaintiff seeks the information regarding NMR and Liberty is to demonstrate to this Court that Liberty and its medical reviewers are infected with conflict and bias against those seeking benefits.

**I. THE CLAIMS MANUALS**.

In <u>Palmiotti v. Metropolitan Life Insurance Company</u>, 2005 WL 552017 (March 9, 2005, S.D.N.Y.), MetLife was ordered to turn over its claims manuals and guidelines, without a protective order, in an ERISA long-term benefits disability case.  The Court stated in pertinent part:

> In order to satisfy the statutory requirements to provide a fair claims procedure, an employee benefit program must provide to a claimant upon request "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). The regulations go on to define as relevant any document that "[d]emonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(iii). And paragraph (b)(5) requires that "[t]he claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants." 29 C.F.R. § 2560.503-1(b)(5). In short, the adequacy of claims processing procedures is relevant to whether the denial of a claim is arbitrary and capricious, and, because the procedures are relevant, claimants are entitled to have access to them. Under these circumstances, the Claims Manual is required to be made widely available outside MetLife; the company's efforts to maintain secrecy are necessarily futile; and the claim of competitive harm is negated because each of MetLife's competitors is subject to the same regulations. <u>Palmiotti</u> at *2.

The reason that these documents must be turned over is to assure fairness in the review process, and DOL requires it. The plaintiff seeks no more than is permitted by law.

## II.    THE DISCOVERY RELATING TO NMR

The plaintiff incorporates her argument from the memorandum that she filed with this Court on January 20, 2005. In <u>Clark v. Metropolitan Life Insurance Company</u> et al, CV04-1236-VAP, United States District Court for the Central District of California, ordered broader discovery against MetLife in an ERISA long-term disability case.  The plaintiff seeks the same type of information, to demonstrate that NMR is not an unbiased medical reviewer. In her initial memorandum, the plaintiff pointed to opinions of the Sixth Circuit and Seventh Circuit referring to NMR and its doctors as exhibiting an insurance company bias, and provided a list of 51 cases reported on Westlaw where NMR doctors, in almost every case,  sided with an insurer.

The limited discovery sought by the plaintiff is necessary to show the bias of NMR, and in the event that this Court reviews Liberty Mutual's claim denial, under *the arbitrary and capricious* standard, rather than *de novo* standard.  Plaintiff Denmark, at minimum is entitled to review of an insurer's decision with "more bite."   <u>Doyle v. Paul Revere</u>, 144 F.3d 181, 184(1st Cir. 1998) ( interpreting "more bite" as adhering to the arbitrary and capricious principle, with special emphasis on reasonableness, but with the burden on the claimant to show that the decision was improperly motivated). Plaintiff Denmark can meet this burden by showing the on-going and lucrative financial relationship that NMR has with Liberty.

4

## CONCLUSION

For the foregoing reasons, Diane Denmark requests that this Court permit her to take limited discovery.

DIANE DENMARK,
By her attorney,

*/S/JONATHAN M. FEIGENBAUM*

Jonathan M. Feigenbaum (BBO # 546686)
PHILIPS & ANGLEY
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

DATED: March 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date that this motion was served through the electronic filing procedure of this Court, and that through that procedure notice is sent to defendants' counsel.

*/S/JONATHAN M. FEIGENBAUM*