UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANE DENMARK,

    Plaintiff

v.

LIBERTY MUTUAL ASSURANCE COMPANY OF
BOSTON, THE GENRAD, INC. LONG TERM
DISABILITY PLAN, THROUGH TERADYNE, INC.,
AS SUCCESSOR FIDUCIARY

    Defendants

Civil Action No. 04-12261-DPW

# EXHIBITS A AND B

**PLAINTIFF'S REPLY TO DEFENDANT LIBERTY MUTUAL'S OPPOSITION
TO MOTION OF PLAINTIFF FOR FOCUSEDPRE-TRIAL DISCOVERY
RELATING TO THE SCOPE OF THE ADMINISTRATRIVE RECORD**

# EXHIBIT A

Westlaw.

Slip Copy
2005 WL 552017 (S.D.N.Y.)
(Cite as: 2005 WL 552017 (S.D.N.Y.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Joseph PALMIOTTI, Plaintiff,
v.
METROPOLITAN LIFE INSURANCE COMPANY,
Defendant.
**No. 04 Civ. 0718(LTS)(J.**

March 9, 2005.

*MEMORANDUM AND ORDER*

FRANCIS, Magistrate J.

*1 Joseph Palmiotti brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, challenging the decision of the Metropolitan Life Insurance Company ("MetLife") denying his claim for long term disability benefits. MetLife now moves under Rule 26(c) of the Federal Rules of Civil Procedure for a protective order requiring that its Claims Management Guidelines (referred to hereafter as the "Claims Manual") be kept confidential. It previously disclosed the Claims Manual to counsel for the plaintiff on an attorneys'-eyes-only basis pending an agreement by counsel regarding confidentiality or an order by the Court resolving the issue. Having failed to reach agreement, the parties have now submitted the dispute to me.

In the course of discovery, a court may issue an "order which justice requires to protect a party from the annoyance, embarrassment, oppression, or undue burden or expense, including ... that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c). "The party seeking protection has the burden of coming forward with evidence demonstrating that the information is confidential and that disclosure will result in a clearly defined and serious injury to its business." *Cohen v. Metropolitan Life Insurance Co.*, No. 00 Civ. 6112, 2003 WL 1563349, at *1 (S.D.N.Y. March 26, 2003) (citing *Bank of New York v. Meridian BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143-44 (S.D.N.Y.1997)).

The Claims Manual at issue here is the type of internal corporate document that may constitute confidential business information. *See Bank of New York*, 171 F.R.D. at 144. However, whether it ultimately merits protection depends on a variety of considerations, including "(1) the extent to which such information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." *Id.* (quotation marks and citations omitted). The evidence proffered by MetLife addresses primarily the third and fourth factors.

A MetLife representative has attested that the company maintains the Claims Manual in a secure electronic database. (Affidavit of Cindy Broadwater dated Jan. 5, 2005 ("Broadwater Aff."), ¶ 3). It is marked confidential, and employees are instructed not to disseminate it. (Broadwater Aff., ¶¶ 4, 5). Thus, MetLife has established that it has made efforts to keep the Claims Manual secret.

MetLife also contends that it has devoted substantial resources to development of the Claims Manual, and that it would be damaged if competitors were able to duplicate its claims processing procedures without investing similar time and effort. (Broadwater Aff., ¶ 6). This argument is less convincing because it is largely conclusory. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 552017 (S.D.N.Y.)
(Cite as: 2005 WL 552017 (S.D.N.Y.))

Page 2

**\*2** In any event, no protective order is warranted because federal regulations require the broad disclosure of the information that MetLife seeks to keep confidential. In order to satisfy the statutory requirements to provide a fair claims procedure, an employee benefit program must provide to a claimant upon request "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). The regulations go on to define as relevant any document that "[d]emonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(iii). And paragraph (b)(5) requires that "[t]he claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants." 29 C.F.R. § 2560.503-1(b)(5). In short, the adequacy of claims processing procedures is relevant to whether the denial of a claim is arbitrary and capricious, and, because the procedures are relevant, claimants are entitled to have access to them. Under these circumstances, the Claims Manual is required to be made widely available outside MetLife; the company's efforts to maintain secrecy are necessarily futile; and the claim of competitive harm is negated because each of MetLife's competitors is subject to the same regulations.

The cases cited by MetLife do not dictate a contrary result. *Doe v. Travelers Insurance Co.,* 167 F.3d 53, 60 (1st Cir.1999), and *Diagnostic Medical Associates v. Guardian Life Insurance Co.,* 157 F.Supp.2d 292, 301 (S.D.N.Y.2001), deal not with the confidentiality of claims procedures but with the consequences of failing to disclose them to claimants. *Robbins v. Milliman USA Long Term Disability Insurance Plan,* No. 1:02-CV-01635, 2003 WL 22246952, at \*2, 9 (S.D. Ind. June 25, 2003), did concern a request for internal guidelines and claims processing manuals. However, the court's refusal to order their disclosure was based on the perception that the claimant's counsel had abandoned his request for them. *Id.* at \*9. Finally, in *Cohen,* 2003 WL 1563349, at \*1, 3, the court did require that any production of MetLife's Claims Manual be made pursuant to a confidentiality order. However, that determination was based on a finding that the Claims Manual was not a plan document required to be disclosed to claimants pursuant to 29 U.S.C. § 1024(b)(4). *Id.* at \*1-2. The regulations discussed above, which do require disclosure of documents such as the Claims Manual, were apparently not considered because they were not brought to the attention of the court.

*Conclusion*

Pursuant to federal regulation, claimants are entitled to receive documents describing claims processing procedures such as the Claims Manual at issue here. Consequently, MetLife cannot maintain confidentiality for such documents, and its motion for a protective order is therefore denied.

**\*3** SO ORDERED.

2005 WL 552017 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

. 1:04CV00718 (Docket)

(Jan. 30, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT B

Glenn R. Kantor, Esq. State Bar No. 122643
Elizabeth K. Green, Esq. State Bar No. 199634
KANTOR & KANTOR, LLP
15165 Ventura Boulevard, Ste. 400
Sherman Oaks, CA 91403
Tel (818) 981-1941
Fax (818) 981-1943
E-Mail gkantor@kantorlaw.net

Attorneys for Plaintiff, Wilma Clark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA F. CLARK, | CASE NO. ED CV04-1236 VAP (SGLx) |
| Plaintiff, | [PROPOSED] ORDER |
| VS | |
| METROPOLITAN LIFE INSURANCE COMPANY, HOME DEPOT LONG TERM DISABILITY PLAN, HOME DEPOT MEDICAL PLAN, HOME DEPOT LIFE INSURANCE PLAN; HOME DEPOT PENSION/ RETIREMENT PLAN, | |
| Defendants | |

A Scheduling Conference was held on February 7, 2005, before the Honorable Virginia A. Phillips, U.S. District Court Judge, presiding, with Elizabeth K. Green and Glenn R. Kantor, Kantor & Kantor LLP, appearing on behalf of Plaintiff, and Krista L. Mitzel and Lawrence E. Butler, Seyfarth Shaw LLP, appearing on behalf of Defendants.

The Court ordered that discovery was permissible in this matter regarding:

1. The number of times that Defendants have utilized the services of the medical reviewer(s) who reviewed Plaintiff's claim for Defendants,

1

| | | |
|---|---|---|
| 1 | 2 | The amounts Defendants paid to the medical reviewer(s) who reviewed Plaintiff's claim, and the amounts paid to those medical reviewer(s) in the three (3) years preceding the review of Plaintiff's claim, |
| 4 | 3 | In the event the medical reviewers were subcontracted by another agency working on MetLife's behalf, the amounts paid by MetLife to the subcontracting company in the three (3) years preceding the review of Plaintiff's claim, |
| 8 | 4 | Any written communications between MetLife and the Plan Sponsor demonstrating that the Plan Sponsor, prior to the purchase of the subject group policy, affirmatively requested that language be included in the group policy delegating discretion upon MetLife to interpret Plan terms and/or to determine eligibility for disability benefits, and, |
| 13 | 5 | In the event no documents exist responsive to category 4 above, all documentation, in either written or electronic form, establishing how the language delegating discretion upon Met Life to interpret Plan terms and/or to determine eligibility for disability benefits came to be included in the subject group policy |

Date February 15, 2005

Honorable Virginia A Phillips
U S / District Court Judge

2

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15165 Ventura Boulevard, Suite 400, Sherman Oaks, California 91403.

    On February 9, 2005, I served the foregoing document described as [PROPOSED] ORDER on the interested parties in this action by serving a copy thereof in a sealed envelope addressed as follows:

| Eric McDonough, Esq. | Krista L. Mitzel, Esq. |
| --- | --- |
| Seyfarth Shaw | Seyfarth Shaw |
| 2029 Century Park East, Suite 3300 | 560 Mission Street, Suite 3100 |
| Los Angeles, California 90067 | San Francisco, California 94105 |

[xx]  [BY MAIL] I deposited such envelope in the mail at Sherman Oaks, California. The envelope was mailed with postage thereon fully prepaid.

[XX]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]  (BY FEDERAL EXPRESS) I caused such envelope to be delivered by Federal Express to the offices of the addressee.

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 9, 2005, at Sherman Oaks, California.

_Mildred Schwam_
Mildred Schwam