UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

## SUR-REPLY MEMORANDUM OF DEFENDANTS TO PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-TRIAL DISCOVERY

Defendants, Liberty Life Assurance Company of Boston ("Liberty Life") and The Genrad Inc. Long Term Disability Plan, through Teradyne, Inc., as Successor Fiduciary ("The Plan"), filed their opposition to Plaintiff's Motion for Focused Pre-Trial Discovery Relating to the Scope of the Administrative Record ("Motion for Pre-Trial Discovery"), on February 18, 2005. Plaintiff then filed a reply memorandum to that opposition on or about March 23, 2005. Defendants now submit this sur-reply memorandum to aid the Court in its decision on Plaintiff's Motion for Pre-Trial Discovery.

I. **Plaintiff's Reliance on Case Law From Other District Courts is Misplaced**

In her reply brief, Plaintiff cites to two decisions from district courts in other circuits relating to the issue of discovery in ERISA cases. Those cases, however, are inapplicable as they are decisions by courts in other circuits. In addition, the decisions attached to Plaintiff's reply brief do not include an explanation of the facts of the cases, or the arguments made by the parties or by the court to explain the reasons discovery was permitted. Such information is vital to

determine whether or not there were certain circumstances in each case causing the court to allow such discovery. For these reasons, the Palmiotti and Clark cases are not persuasive.

## II.   Plaintiff's Discussion of Abram v. Cargill is Incorrect

In her reply memorandum, Plaintiff suggests that Defendants incorrectly cited to Abram v. Cargill. Plaintiff has alleged that the decision on which Defendants relied, 2003 U.S. Dist LEXIS 7027, was overturned by Abram v. Cargill, 395 F.3d 882. Plaintiff's explanation of the history and subsequent history in this case is incorrect. The 8th Circuit decision in that case overturned an unpublished summary judgment decision. The decision on which Defendants relied in their opposition was a decision relating to a motion to compel discovery, which was denied by the Court. That motion to compel discovery was not overturned by the subsequent 8th Circuit decision. As such, Plaintiff's description of the history of this case is incorrect.

## III.   Conclusion

For the foregoing reasons and for those reasons presented in Defendants' Opposition to Plaintiff's Motion for Pre-Trial Discovery, Defendants request that this Court deny Plaintiff's Motion for Pre-Trial Discovery.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
By their attorney,

/s/Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO #645170
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
paternir@jacksonlewis.com

Dated: April 4, 2005