UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

**STIPULATION OF CONFIDENTIALITY
AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the parties hereto who have appeared that, as to the documents to be produced, and interrogatories to be answered by defendant Liberty Life Assurance Company of Boston, incorrectly named above as Liberty Mutual Insurance Company of Boston ("Liberty Life"), as set forth in the oral order of this Court and minute notes (Woodlock, J.), on April 4, 2005, requiring answers to interrogatories and production of documents within 21 days of this Court's order:

1. Liberty Life may designate any documents and interrogatory answers "confidential" by so stamping each page of such material in the upper right-hand corner which shall then be referred to as "confidential information."

2. Except as hereinafter set forth, confidential information shall be disclosed only for use in this litigation and shall be disclosed only to:

    (a) The Court and Court personnel;

  (b) The attorneys of record in this action and persons employed in the attorneys' office;

  (c) The plaintiff;

  (d) Liberty Life.

3. No such person shall divulge any confidential information to any other person, except those identified in paragraph 2.

4. Confidential information shall be used only for purposes of pretrial proceedings, preparation for trial, motions, trial of this action, appeals, and for any other purpose associated with this litigation.

5. The Clerk of this Court, unless otherwise directed by order of this Court, is directed to maintain under seal all interrogatory answers, documents, and other information filed in Court in this action which have been designated as confidential by Liberty Life and any memoranda, affidavits or other papers quoting or otherwise discussing such confidential information.

6. Upon the termination of this action, whether by judgment, settlement, dismissal or other disposition, all confidential information subject to this agreement, and all copies thereof, shall be returned to Liberty Life's counsel, and no copies shall be kept by plaintiff or her counsel.

7. This stipulation and order shall not prohibit the Court from disclosing the confidential information in accordance with any order, judgment or memorandum of this Court.

8. Nothing in this 'stipulation and order shall prevent any party from seeking a modification of this stipulation and order or such further provisions regarding confidentiality as may become necessary.

DATED: April 22, 2005

Respectfully Submitted:

Diane Denmark
Plaintiff

By Her Attorney

/s/Jonathan M. Feigenbaum
Jonathan M. Feigenbaum
BBO No. 546686
Phillips & Angley
One Bowdoin Square
Boston, MA. 02114
(617) 367-8787


Respectfully submitted:

The Defendant,
Liberty Life Assurance Company of Boston,

By Its Attorneys


/s/Richard W. Paterniti
Andrew C. Pickett
BBO No. 549872
Richard W. Paterniti
BBO No. 645170
Jackson Lewis
75 Park Plaza
Boston, MA  02116
(617) 367-0025

SO ORDERED in this Judicial District on this 25th day of April 2005.

_____
Douglas P. Woodlock
United States District Judge