# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF MASSACHUSETTS

 3        * * * * * * * * * * * * * * * *
                                         *
 4     DIANE DENMARK                     *
                    Plaintiff            *
 5                                       *
          VERSUS                         *    CA-04-12261-DPW
 6                                       *
       LIBERTY MUTUAL ASSURANCE          *
 7        COMPANY OF BOSTON, ET AL       *
                    Defendants           *
 8                                       *
       * * * * * * * * * * * * * * * * *
 9
              BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
10
                 UNITED STATES DISTRICT COURT JUDGE
11
                              HEARING
12
                          APRIL 4, 2005
13
       APPEARANCES:
14
            JONATHAN M. FIEGENBAUM, ESQ., Phillips & Angley,
15          One Bowdoin Square, Boston, Massachusetts  02114,
            on behalf of the Plaintiff
16
            ANDREW C. PICKETT, ESQ. AND RICHARD W. PATERNITI,
17          ESQ., Jackson, Lewis, LLP, 75 Park Plaza, Boston,
            Massachusetts  02116, on behalf of the Defendants
18

19
                              Courtroom No. 1 - 3rd Floor
20                            1 Courthouse Way
                              Boston, Massachusetts 02210
21                            3:20 P.M. - 3:40 P.M.

22
              Pamela R. Owens - Official Court Reporter
23            John Joseph Moakley District Courthouse
                  1 Courthouse Way - Suite 3200
24                  Boston, Massachusetts  02210

25        Method of Reporting:  Computer-Aided Transcription
```

```
 1                        CA-04-12261-DPW

 2                         APRIL 4, 2005

 3           THE CLERK:  Could counsel please identify

 4   themselves?

 5           MR. FIEGENBAUM:  John Fiegenbaum, Your Honor,

 6   for the plaintiff, Diane Denmark.

 7           MR. PICKETT:  Andrew Pickett for Liberty

 8   Mutual.  And also with me is Richard Paterniti.

 9           THE COURT:  Well, Mr. Pickett, I take it

10   that you will be able to respond to this discovery

11   forthwith?

12           MR. PICKETT:  Excuse me, Your Honor?

13           THE COURT:  You can respond to the discovery

14   forthwith?

15           MR. PICKETT:  To the extent the Court orders

16   it, Your Honor.  We would like to address the issue of

17   the breadth of what he's asked for and we do have a

18   compromise position on it.

19           THE COURT:  Okay.  Well, let me hear you on

20   that.

21           MR. PICKETT:  Okay.  Your Honor, from our

22   perspective, this is a straightforward case for denial

23   of long-term disability benefits and this is pursuant to

24   a long-term disabiilty plan offered to the plaintiff.

25           THE COURT:  Yes.  I think I understand that.
```

```
1    The issue for me is how properly to structure a record
2    for dealing with this.  I'll put it a little bit
3    differently.  I suspect that I will go off on an
4    arbitrary and capricious standard.  I suspect that I
5    won't be using a de novo standard.  I want to get to it
6    promptly.  I have a schedule in place.  If the plaintiff
7    wants to raise these issues, she can raise it in any
8    motion practice, dispositive motion practice.  But I
9    think I'm inclined -- and particularly in light of some
10   of the -- I won't call them arbitrary and capricious,
11   but cases out there that seem to permit a little bit of
12   discovery to let her have that discovery and let the
13   motion hearing go off with the benefit of that
14   discovery.
15             MR. PICKETT:  Well, maybe if I could very
16   briefly address that, Your Honor.  Obviously, our
17   initial position -- as argued in our brief and I will
18   not bore Your Honor with it -- is that in an arbitrary
19   and capricious standard review case, the real relevant
20   material are the claims materials that were submitted
21   and the medical records.  And obviously, theoretically,
22   plaintiffs can and do make the argument they want to try
23   and discover financial conflicts of interest, we want to
24   see how the claims examiners were trained, we want to
25   see how their doctors evaluate things.  And all I would
```

```
 1    the time period run from 2001 through 2003, large enough
 2    so that we're not just focusing on performance that year
 3    and large enough to have the particular performance.
 4    But within it, it will demonstrate what the nature of
 5    the relationship was during that year.
 6              MR. FIEGENBAUM:  The other matter is I thought
 7    we were going to actually argue today on the motion I
 8    filed on scienter review.
 9              THE COURT:  I have told you what I'm going to
10    do more or less, but I'm not doing that until I see the
11    actual motions for summary judgment.
12              MR. FIEGENBAUM:  Okay.
13              THE COURT:  I would say it's a 95 chance that
14    this is going to be an arbitrary and capricious review.
15    But I'm not going to lock myself into that until I've
16    had a chance to see the full argument on summary
17    judgment which, by the way, is not going to be delayed.
18    That schedule stays in place.  They will turn over the
19    materials called for here within 21 days, no later than
20    21 days from today.
21              MR. FIEGENBAUM:  Thank you.
22              THE COURT:  Okay.  So, the way in which I'm
23    dealing with this is I've allowed the motion for
24    discovery relating to number (14) relating to scope of
25    the adminstrative record as I've indicated.  And to the
```