UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

**DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 56.1 STATEMENT IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Together with her Motion for Summary Judgment, Plaintiff included the pleading captioned "Plaintiff's Rule 56.1 Statement in Support of Her Motion for Summary Judgment and In Support of Opposition of Defendants' Motion for Summary Judgment" (hereinafter referred to as "Plaintiff's Statement of Facts"). Pursuant to Local Rule 56.1, Defendants, Liberty Life Assurance Company of Boston ("Liberty Life"), and The Genrad, Inc. Long Term Disability Plan, through Teradyne, Inc., as Successor Fiduciary ("the Plan") now respond and object to certain inaccurate and/or unsupported paragraphs in Plaintiff's Statement of Facts. Defendants note that none of the disputed issues are material with respect to defeating Defendants' Motion for Summary Judgment. Subject to the objections and responses noted below, Defendants will accept Plaintiff's Statement of Undisputed Facts as true only for purposes of Defendants' Motion for Summary Judgment, and only if the factual allegations contained therein are properly supported by evidence contained in the record as required by Rule 56.1.

Subject to and incorporating by reference the foregoing general objections, Defendants specifically respond to the Plaintiff's Statement of Undisputed Facts as follows:

Paragraph 4.   Defendants deny the allegations in this paragraph and respectfully refer the Court to the "Employer's Statement" which identified Plaintiff's bi-weekly earnings (excluding commissions and bonuses) as $1,844.00. (AR at 567)

Paragraph 6.   Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Plaintiff failed to identify the complete description of the "primary function" of the position of group leader-manufacturing inspection at Genrad Corporation. (AR at 235)

Paragraph 7.   Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Plaintiff fails to explain that the "basic job duties" listed in this paragraph are those identified by Plaintiff herself. (AR at 193)

Paragraph 10.   Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Plaintiff fails to explain that a long-term disability beneficiary may receive 66.67% "of basic monthly earnings not to exceed a maximum monthly benefit of $15,000.00 less other income benefit and other income earnings as outlined in Section 4" of the policy of insurance ("the policy"). (AR at 3)

Paragraph 11.   Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document indicates that 66.67% of Plaintiff's salary, including commission and bonus, was $2,663.69. (AR at 68)

Paragraph 14.   Defendants deny Plaintiff's mischaracterization of the policy, and refer the Court to the policy, which speaks for itself. (AR at 1-40) Defendants note that Plaintiff would be entitled to receive benefits until May 16, 2013 only if she meets the requirements under the policy.

Paragraph 15. Defendants deny Plaintiff's mischaracterization of the policy, and refer the Court to the policy, which speaks for itself. (AR at 1-40) Defendants deny Plaintiff's mischaracterization of the documents cited in this paragraph and state that the cost of living adjustment provision in the policy speaks for itself. (AR at 21)

Paragraph 16. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Defendants refer the Court to the policy which speaks for itself. (AR at 25)

Paragraph 21. Defendants admit the allegations in Plaintiff's paragraph 21, but state that the document cited in this paragraph also states that the Plaintiff had "good; bad days". (AR at 238)

Paragraph 22. Defendants admit the allegations in this paragraph, except state that the document also states that Plaintiff was "overall better (Fibromyalgia)". (AR at 247)

Paragraph 23. Defendants admit the allegations in this paragraph, except state that the document cited also states that the Plaintiff's Fibromyalgia was "better." (AR at 246)

Paragraph 24. Defendants merely clarify that the document cited in this paragraph states that Plaintiff had "good; bad days." (AR at 245)

Paragraph 28. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states "Fibromyalgia worst this winter as in the past winters." (AR at 252)

Paragraph 32. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that Plaintiff "c/o (complained of) fatigue/exhaustion/myalgia/insomnia x one-two years." In addition, that document notes that the examination took place on October 8, 2001. (See A.R. 228.)

Paragraph 33. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that the Plaintiff was "currently permanently disabled by her Fibromyalgia." (AR at 213)

Paragraph 35. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that the Plaintiff "remains totally disabled in terms of her line of work". (AR at 185)

Paragraph 39. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that Liberty Life "provides claims management advice to Genrad, Inc. on an administrative services only basis" relating to the short-term disability benefits. (AR at 212)

Paragraph 41. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Liberty Life's decision relating to Plaintiff's application for short-term disability benefits was based on the claims file, including an independent medical review, by Dr. Clay Miller. (AR at 221-222, 474-476.)

Paragraph 43. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Dr. Miller's report references various documents he reviewed in reaching his conclusions. (AR at 221-222)

Paragraph 45. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that Plaintiff "describes and is limited by extreme pain, fatigue and sleep disorder… Dr. Goodman, a rheumatologist specialist, agrees with her degree of disability." (AR at 180)

Paragraph 48. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document does not state that Dr. Schur is a board certified rheumatologist. (AR at 181)

Paragraph 49. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. Specifically, Defendants deny Plaintiff's mischaracterization that Dr. Schur conducted an "independent' medical examination. In further responding, Defendants note that Dr. Schur concluded the Plaintiff was "clearly disabled not only from work, but being able to take care of her household". (AR at 183)

Paragraph 68. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. In that document, Nurse Kaye made a recommendation to deny benefits. (AR at 46)

Paragraph 70. Defendants deny Plaintiff's mischaracterization of the documents cited in this paragraph. In that document, Liberty Life indicated that it had reviewed Dr. Schur's opinion, as well as those of Dr. Goodman and Dr. Malanowski, and that it was Liberty Life's assessment that there were no significant changes in Plaintiff's condition on October 3, 2001, which would preclude her from performing the material and substantial duties of her occupation. (AR at 283)

Paragraph 71. Defendants deny Plaintiff's mischaracterization of the documents cited in this paragraph. In that document, Liberty Life indicated that Plaintiff should "include documentation such as office or chart notes, hospital records, or test results which [she] feels will support her claim." (AR at 283)

Paragraph 73. Defendants deny Plaintiff's mischaracterization of the documents cited in this paragraph. The surveillance videotape is approximately one minute and thirty-six seconds

and includes footage of the various activities in which Plaintiff on October 24, November 2, 4 and 5, 2002. (AR at 153 and CD-Rom submitted to the Court.)

Paragraph 74.  Defendants deny Plaintiff's mischaracterization of the documents and videotape cited in this paragraph. Those materials and documents indicate Plaintiff ran errands for approximately three hours and forty minutes on October 24, 2002, including approximately one hour and twenty minutes of shopping for groceries. Those documents also indicate that she went to a dry cleaner and then went to The Medicine Shoppe and returned home at 1:10 p.m. (AR at 156, 157-158[1])

Paragraph 77.  Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document indicates that Plaintiff returned home at approximately 12:23 p.m. (AR at 155, 159)

Paragraph 78.  Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case.

Paragraph 79.  Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case. Defendants also object to this paragraph on the grounds that it mischaracterizes the interrogatory answer provided by Liberty Life.

Paragraph 80.  Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case.

---

[1] The pages relating to the surveillance report appear to be out of order in the claims file. The first report appears to be comprised of pages 156, 157-158. The second report appears to be comprised of pages 153-155, 159.

- 6 -

Paragraph 81. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. In his report, Dr. Bomalaski references various medical records and medical reports of physicians who treated or examined Plaintiff. (AR at 161-165)

Paragraph 86. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states that Plaintiff "is capable of working full time in a primarily sedentary position within the limitations and restrictions noted on the Functional Capacities Form." (emphasis added) (AR at 163)

Paragraph 87. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document shows that it was fully completed by Dr. Bomalaski. (AR at 335)

Paragraph 88. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document shows that it was fully completed by Dr. Bomalaski. (AR at 335)

Paragraph 89. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document shows that it was fully completed by Dr. Bomalaski. (AR at 335)

Paragraph 91. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states, "Strength: light. Lifting, carrying, pushing, pulling 20 lbs occasionally, frequently up to 10 lbs, or negligible amount constantly. Can include walking and/or standing frequently even though weight is negligible. (AR at 203)

Paragraph 92. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document states, "Strength: light. Lifting, carrying, pushing, pulling 20 lbs occasionally, frequently up to 10 lbs, or negligible amount constantly. Can include walking and/or standing frequently even though weight is negligible. (AR at 203)

Paragraph 95. Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case.

Paragraph 96. Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case. In further responding, Defendants deny Plaintiff's allegations in this paragraph because it is ambiguous as to the reference "VCM" in this sentence.

Paragraph 97. Defendants object to this paragraph on the grounds that the documents cited in this paragraph are not part of the administrative record and, therefore, are not part of the evidence in this case. Defendants also deny Plaintiff's mischaracterization of the documents cited in this paragraph.

Paragraph 98. Defendants deny Plaintiff's mischaracterization of the document cited in this paragraph. That document indicates that Liberty Life had denied Plaintiff's appeal for the first time on December 10, 2002. (AR at 104-108)

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, and THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
By their attorneys,


/s/ Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

July 5, 2005  (617) 367-0025