UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>    Defendants | Civil Action No. 04-12261-DPW |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Liberty Life Assurance Company of Boston ("Liberty Life") and The Genrad Inc. Long Term Disability Plan, through Teradyne, Inc., as Successor Fiduciary ("The Plan"), hereby submit their Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Defendants have moved for summary judgment as to both counts of Plaintiff's Complaint, because Liberty Life did not arbitrarily and capriciously deny Plaintiff's claim for long-term disability benefits. Plaintiff has cross moved for summary judgment on her claim for long-term disability benefits. Both parties have filed oppositions to each other's motions for summary judgment. Defendants now submit their reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

### ARGUMENT

1. **Plaintiff's Opposition Blatently Mischaracterizes the Record and Liberty's Review**

In her Opposition to Defendants' Motion for Summary Judgment, Plaintiff repeatedly mischaracterizes the review conducted by Liberty Life, including the opinions of the independent

reviewing physicians and the nurse who reviewed Plaintiff's claim file. For instance, Plaintiff continually ignores the fact that the decision by the Social Security Administration ("SSA") on Plaintiff's claim for benefits was not made until January 2004, more than *thirteen months after* Liberty Life rendered its decision on Plaintiff's appeal of the denial of her claim for long-term disability benefits.[1] Notwithstanding this fact, Plaintiff blatantly attempts to mislead the Court by arguing that the SSA decision "was favorable evidence that was pending when Liberty chose to deny [Plaintiff's] claim on internal appeal on December 10, 2002." See Plaintiff's Memorandum In Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 9. In addition, even if this decision had been available for consideration as part of the administrative record, both the First Circuit Court of Appeals have held that such decisions are not binding in denial of benefits cases. See Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 420 (1st Cir. 2000); Smith v. Fortis Benefits Ins. Co., 2003 U.S. App. LEXIS 20777 (1st Cir. 2003). Accordingly, Plaintiff cannot properly rely on the SSA's subsequent decision in support of her claims.

In addition, Plaintiff overlooks the vocational review conducted during the appeal review process, in which the vocational consultant concluded that the physical demands of Plaintiff's job were considered "sedentary to light work with occasional standing, walking and bending." (A.R. at 376).[2] At most, Plaintiff merely raises the possibility that the administrative record

---

[1] Courts have noted that "the final administrative decision acts as a temporal cut off point. The claimant may not come to a a court and ask it to consider post-denial medical evidence in an effort to reopen the administrative decision." Orndorf v. Paul Revere Life Insurance Company, 2005 U.S.App. LEXIS 6344 (1st Cir. 2005).

[2] Plaintiff also misconstrues the opinions of medical providers that she believes support her claim for disability benefits. Specifically, she claims that Dr. Milton Taylor, Ph.D., who provided a report at the request of the Massachusetts Rehabilitation Commission Disability Determination Services relating to Plaintiff's alleged lack of concentration and depression, concluded that she was occupationally impaired. See Plaintiff's Memorandum In Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 7-8. In fact, Dr. Taylor concluded the opposite, when he stated: "I do not believe that her depression, in and of itself, is of sufficient severity

contains conflicting evidence relating to Plaintiff's medical conditions. Conflicting evidence, however, does not make a decision "arbitrary and capricious." See Vlass v. Raytheon Employee's Disability Trust, 244 F. 3d, 27, 30 (First Cir. 2001). Contrary to Plaintiff's contentions, the record reveals that Liberty Life appropriately considered all of the evidence. It also properly relied on the entire administrative record, including two independent reviews by physicians who were well qualified to assess Plaintiff's conditions. Both of these physicians concluded that Plaintiff was not disabled. The opinions of these reviewing physicians, as well as the other documents in the administrative record, provide substantial evidence to support Liberty Life's decision in this case.

### 2. The Opinion of Dr. Clay Miller, An Independent Reviewing Physician, Was Reasonable and Reliable

In her attempt to discredit the opinion of Dr. Miller, the independent reviewing physician who reviewed Plaintiff's file as part of Liberty Life's initial review of her claim, Plaintiff makes unsupported and conclusory statements and allegations regarding Dr. Miller's experience and expertise, as well as his opinions in this case. Specifically, Plaintiff claims that Dr. Miller was not "knowledgeable about fibromyalgia," and that he did not provide a valid connection between his opinions and the evidence submitted in the claims file. Plaintiff, however, fails to provide any specific examples to support these conclusory statements. Indeed, she fails to cite to any particular opinions by Dr. Miller in support of her allegations. She merely argues that Dr. Miller lacked the expertise to critique or render an opinion on fibromyalgia, and that he failed to properly consider the opinions of her treating physicians. Plaintiff's allegations are specious and, more importantly, overlook the fact that other medical experts, including a nurse and an

---

to prevent her from gainful employment." (AR at 179). He then noted that her disability claim would depend on her medical condition, not her psychiatric condition. (AR at 179).

independent reviewing rheumatologist, reviewed Plaintiff's claims file and reached similar conclusions as Dr. Miller.

First, Dr. Miller was more than qualified to render opinions on Plaintiff's medical condition. He is a physician specializing in Physical Medicine and Rehabilitation, as noted in his report. On the website for the American Academy for Physical Medicine & Rehabilitation, it is specifically noted that "Physiatrists focus on restoring function. They care for patients with acute and chronic pain, and musculoskeletal problems like back and neck pain, tendonitis, pinch nerves and *fibromyalgia*." (emphasis added) See www.aapmr.org. In arguing that Dr. Miller was not knowledgeable about fibromyalgia, Plaintiff fails to present any evidence to support this conclusory argument. Further, by suggesting that a physician such as Dr. Miller is not knowledgeable about Fibromyalgia, Plaintiff discredits the opinions of Dr. Malanoski, her own internist, who does not specialize in any area of medicine relating to Fibromyalgia, and her cardiologist, Dr. Hack. In contrast to these physicians, Liberty Life relied upon the opinions of Dr. Miller and Dr. Bomalaski, a Rheumatologist, who also specializes in an area of medicine relating to fibromyalgia.

By arguing that a rheumatologist is the appropriate specialist to review Plaintiff's fibromyalgia, Plaintiff again discredits the review and opinions of her own treating physicians, Dr. Malanoski and Dr. Hack, on whose opinions Plaintiff relies. Clearly, Plaintiff's contention that it was unreasonable for Liberty Life to rely on the opinions of non-rheumatologists would undermine the opinions of these physicians as well. In addition, Plaintiff's argument completely ignores the fact that Dr. Bomalaski, a Rheumatologist, rendered an opinion on Plaintiff's claim during the appeal process. As such, Plaintiff's arguments in this regard are not founded in fact and undermine her own claim.

Second, Dr. Miller's opinion is not unreliable, as Plaintiff contends. In making this argument, Plaintiff alleges that Dr. Miller's opinions are not based on "sound medical science," claims that they are inadmissible in Court, and asserts that they are not connected to the facts in this case. Contrary to these assertions, Dr. Miller's report described Plaintiff's condition and her treatment and explained that her records did not show that she was disabled. In addition, and contrary to Plaintiff's contention, denial of benefits cases do not impose "expert witness" requirements on the reports and opinions of reviewing physician's opinions.[3] See Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998) (describing "arbitrary and capricious" standard of review as merely requiring that the deciding administrator's decision be reasonable). See also Pari-Fasano, 230 F.2d at 419 (holding that the standard emphasizes reasonableness and recognizes "that in order to find that an insurer had abused its discretion under the contract, [a court] would have to conclude that the insurer's eligibility determination was unreasonable in light of the information available to it.")

Plaintiff also references specific entries in the administrative record that she claims were ignored by Dr. Miller. For instance, Plaintiff argues that the reviewing physicians failed to address certain records or symptoms from her medical records in his report. Plaintiff's contention is without merit, however, because Dr. Miller considered all of the records in the administrative record available at the time of his review. While Plaintiff may have preferred that Dr. Miller address each and every symptom or record from her medical records in his report, his alleged failure to address certain records does not in any way demonstrate that he did not consider all of the records that were part of the administrative record. The record demonstrates that Dr. Miller was provided with and considered all of the records in the administrative record at

---

[3] Even if such requirements did apply to this case, Plaintiff ignores the fact that her own treating physicians' opinions fail to meet these requirements.

the time of his review. Plaintiff has provided no evidence to the contrary, other than her conclusory allegations that Dr. Miller selectively reviewed the file.

Finally, even if Dr. Miller's opinion was somehow unreliable, Liberty Life properly relied upon on the subsequent opinions of other reviewing medical providers, including Dr. Bomalaski, who reviewed Plaintiff's claim during the appeal process.

### 3.    **The Opinion of Nurse Kaye Was Reasonable**

Plaintiff also attempts to discredit the opinion of a reviewing nurse in this case, who concluded that Plaintiff was not disabled. Like Dr. Miller, however, Nurse Kaye's opinions are reasonable and are consistent with the claims file. Nurse Kaye considered the records in the claims file when providing her opinions and explained in her notes the reasons why those records do not support a claim of disability. Indeed, in evaluating Dr. Schur's opinions, Nurse Kaye noted that Dr. Schur found other factors or conditions -- unrelated to fibromyalgia -- that may have caused Plaintiff's symptoms. (AR at 46-47) Once again, Plaintiff is simply unhappy that a medical provider found that she was not disabled and attempts to discredit this opinion with unsupported and conclusory statements. Contrary to Plaintiff's contention, it was more than reasonable for Liberty Life to rely on Nurse Kaye's opinion, among other records.[4] See e.g. Orndorf v. Paul Revere Life Insurance Company, 2004 U.S. Dist. LEXIS 27664 (D.Mass. 2004) (upholding denial of benefits based on review which included a review by a nurse consultant), affirmed by 2005 U.S. App. LEXIS 6344 (1st Cir. 2005). See also Gerhold v. Avondale Industries, Inc. Employee Benefit Plan, 2004 U.S. Dist. LEXIS 4736, n. 2 (E.D.La. 2004) (holding that it was appropriate for named fiduciary to rely on opinion of nurse instead of a licensed physician).

---

[4] Indeed, in arguing that Liberty Life should not have relied on this opinion, Plaintiff only cites cases from other circuits, two of which do not even involve reviews by nurses.

Finally, even if Nurse Kaye's opinion was somehow unreliable, Liberty Life properly relied upon on the subsequent opinions of a reviewing physician, Dr. Bomalaski, who reviewed Plaintiff's claim during the appeal process.

### 4. The Opinion of Dr. Bomalaski Was Reasonable

Similar to Dr. Miller and Nurse Kaye, Plaintiff attempts to discredit the opinions of Dr. Bomalaski. In so doing, Plaintiff repeats the arguments set forth in her motion for summary judgment relating to Dr. Bomalaski's opinions. Accordingly, Liberty Life incorporates by reference herein its opposition to that motion, in which it responded to those arguments. As explained in that opposition, Dr. Bomalaski's opinions were consistent with the claims file, including the vocational review, in which a vocational consultant opined as to the physical requirements of Plaintiff's job and the fact that the job was considered "sedentary to light work with occasional standing, walking and bending." (AR at 376). Plaintiff simply ignores these opinions and misconstrues Dr. Bomalaski's opinions, which are consistent with the claims file.

## **CONCLUSION**

For the foregoing reasons and for those reasons stated in Defendants' Motion for Summary Judgment and their Opposition to Plaintiff's Motion for Summary Judgment, Defendants request that their Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.

                        Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, and THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY
By their attorneys,


/s/ Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

July 18, 2005