UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br><br>Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GENRAD, INC. LONG TERM DISABILITY PLAN, THROUGH TERADYNE, INC., AS SUCCESSOR FIDUCIARY<br><br>Defendants | Civil Action No. 04-12261-DPW |

**MOTION FOR LEAVE TO FILE REFERENCE TO
SUPPLEMENTAL AUTHORITY IN A CIRCUIT COURT OPINION
RELEASED AFTER
THE REPLY DATE OF JULY 18, 2005 WITH RULE 7.1 CERTIFICATION**

Now comes the plaintiff Diane Denmark and moves this Court pursuant to Local Rule 7.1(B)(3) allowing the plaintiff to file this additional document citing to a Circuit Court opinion that issued after July 18, 2005. This is an ERISA long term disability case.

According to the Scheduling order of this Court, the parties were directed to file cross motions for summary judgment, oppositions, and then a final reply no later than July 18, 2005. Subsequent to July 18, 2005, an important Sixth Circuit Court opinion was released which the plaintiff seeks to bring to this Court's attention. Kalish v. Liberty Mutual/Liberty Life Assurance Company of Boston, 419 F.3d 501 (6th Cir. 2005) - August 18, 2005.

In Kalish v. Liberty Mutual/Liberty Life Assurance Company of Boston,

419 F.3d 501 (6th Cir. 2005), the Sixth Circuit for a second time[1] within three (3) months, reversed a District Court that had found in favor of Liberty Life Assurance Company of Boston ("Liberty") in connection with a long term disability claim. The facts in that case and the reasoning are persuasive authority bolstering Mrs. Denmark's claim that judgment in this matter should enter in her favor.

In Kalish, the Court pointed to the importance of a plaintiff taking discovery to support allegations of bias by file reviewing doctors hired by insurance companies. Although the Sixth Circuit found for the plaintiff and against Liberty, the Court noted that the plaintiff had "failed to present any statistical evidence to suggest that, when retained by Liberty, [the file reviewing doctor] ha[d] consistently opined that claimants are not disabled." Kalish 419 F.3d at 509. In this case, Mrs. Denmark has[2]. Nevertheless, the Sixth Circuit found that Liberty's reliance on the file reviewing doctor's opinion not reasonable for a number of reasons, including: (1) he failed to examine the plaintiff which undermined his contrary opinion to the treating doctor; (2) he concluded that the plaintiff could engage in light duty activity, while the plaintiff's occupation was a high stress job; (3) he failed to rebut with supporting reasoning contrary findings of treating doctors; and (4) he failed to acknowledge that Liberty's investigator's opinion was that the plaintiff was credible. Kalish 419 F.3d at 508-510. In so many ways, these facts mirror Mrs.

---

[1] Calvert v. Firstar Fin., Inc., 409 F.3d 286, 292 (6th Cir.2005). Liberty Life Assurance Company of Boston was the plan insurer and co-defendant.

[2] This Court appropriately allowed Mrs. Denmark to explore bias of Network Medical Review doctors through limited interrogatory discovery and document production. Here, Liberty relied on a Network Medical Review doctor to support the claim denial. Plaintiff pointed out that approximately fifty cases appeared on Westlaw where NMR doctors had supported long term disability insurance denials. The information obtained in discovery is before this Court, albeit under seal, and for such reason is not further commented upon herein.

Denmark's claim now before this Court.

In the present case, Liberty rejected the finding of disability by Administrative Law Judge Carter; Dr. Peter Schur, a rheumatologist, and IME physician; Dr. Taylor an examining psychologist; Joseph Goodman, a vocational expert; Dr. Malanowski, Mrs. Denmark's long time treating internist; Dr. Goodman, Mrs. Denmark's treating rheumatologist; Dr. Hack, Mrs. Denmark's treating cardiologist. Instead, Liberty relied on two record reviewing doctors and a Liberty nurse employee. The reviewing doctor from Network Medical Review, opined that Mrs. Denmark "is capable of working in a primarily sedentary position within the limitations and restrictions on the Functional Capacities Form, [AR 163], while her own occupation, based on documents supplied by her employer showed her occupation to be either medium or light duty, but not sedentary. In short, Liberty, without substantive reasoning, rejected all substantive evidence supporting her claim of "own occupation" disability, and instead relied on unreliable and biased opinions to reject her claim in totality.

WHEREFORE, plaintiff prays that this motion be allowed.

## RULE 7.1 CERTIFICATION

**Plaintiff's counsel certifies that he conferred with attorney Richard Paterniti prior to filing this motion who stated that the defendants would not assent to this motion.**

DIANE DENMARK

*/s/ Jonathan M. Feigenbaum*

---

Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114

Tel. No. : (617) 367-8787

Date: October 21, 2005

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to all parties or their counsel of record this day by mail delivery.

*/s/ JONATHAN M. FEIGENBAUM, ESQ*

---

L:\Denm001\leave.mot