UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE DENMARK,<br>    Plaintiff<br><br>v.<br>LIBERTY MUTUAL ASSURANCE<br>COMPANY OF BOSTON,<br>THE GENRAD, INC. LONG TERM<br>DISABILITY PLAN<br>THROUGH TERADYNE, INC.,<br>AS SUCCESSOR FIDUCIARY<br>    Defendants | Civil Action No. 04-12261-DPW |

**SUPPLEMENTAL MEMORANDUM OF PLAINTIFF DIANE DENMARK
AS TO REASONS WHY REMAND TO DEFENDANT IS INAPPROPRIATE**

Remanding this matter to the defendant Liberty Life Assurance Company of Boston ("Liberty") would be inappropriate for three (3) main reasons: (1)Remand is not found in the ERISA statute; (2) Remand run against the requirement of finality of judgment and results in the Court rendering an advisory opinion; and (3) Remand to the same insurer that made an "arbitrary and capricious" decision encourages insurers to deny claims, and then look to the Federal judiciary for guidance to increase the likelihood of judgment in their favor in subsequent benefit challenges.

Remand has been explored in this Circuit in Cook v. Liberty Life Assurance Co., 320 F.3d 11, 24 (1st Cir.2003), where the First Circuit quoted approvingly to a well known Second Circuit opinion, and Ninth Circuit opinion for reasons not to remand claims. Zervos v. Verizon New York Inc., 277 F.3d 635, 648 (2d Cir. 2002), "[A] remand of an ERISA action seeking benefits is inappropriate where the difficulty is not that the administrative record was incomplete but that a denial of benefits based on the record was unreasonable;" Grosz-Salomon v. Paul

1

Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001), "[A] plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts." Remand, therefore, should be avoided as applied to the facts in this case. See also, Glista v. Unum Life Ins. Co. of America, 378 F.3d 113 (1st Cir. 2004)(First Circuit directed entry of judgment for benefits to claimant in disability case after denial by District Court).

If this Court chooses to remand, this Court is urged to appoint an independent fiduciary, other than Liberty Life Assurance Company of Boston, pursuant to 29 U.S.C. § 1109, to assure that plaintiff Diane Denmark("Mrs. Denmark") receives fair treatment.

A. Remand Is Not A Statutory Remedy.

Nowhere in the ERISA statute is there authority allowing District Courts to remand benefit claims. Remand is not a remedy set forth in 29 U.S.C. § 1132(a)(1)(B)[1]; however, remands do happen. Buffonge v. Prudential Ins. Co. of America, 426 F.3d 20, 31 ft. nt. 14 (1st Cir. 2005). Here, Mrs. Denmark sought the statutory relief afforded under this section of ERISA; she did not seek remand as a remedy. As such, this Court is urged not to remand her claim, if it concludes that the Liberty acted "arbitrarily and capriciously" in denying to her long term disability benefits. Here, Mrs. Denmark was paid short term disability benefits, after Liberty initially denied that claim.

In this Circuit, remands occur. See Buffonge at 31. The Court, however, also has the

---

[1]A civil action may be brought--
**(1)** by a participant or beneficiary--
**(A)** for the relief provided for in subsection (c) of this section, or
**(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

power to award benefits to the disability claimant. See Glista v. Unum Life Ins. Co. of America, 378 F.3d 113 (1st Cir. 2004); Cook v. Liberty Life Assurance Co., 320 F.3d 11, 24 (1st Cir.2003). In this instance, that would be an appropriate remedy.

The concept of remand seems to have been borrowed from Social Security law. There is, however, no statutory authority allowing Courts adjudicating ERISA claims to utilize procedures found in the Social Security Act, 42 U.S.C. §405(g). Pursuant to the judicial review provisions of the Social Security Act, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). That provision also contains a mechanism for remand "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer..." Id. In contrast, the remedies provision of the ERISA statute contains no mechanism for remands. The incorporation of Social Security law is unfounded. As pointed out by Justice Posner of the Seventh Circuit Court:

> What may have misled courts in some cases is the analogy between judicial review of an ERISA plan administrator's decision to deny disability benefits and judicial review of the denial of such benefits by the Social Security Administration.... Judicial review of the latter sort of denial is of course deferential, and it is natural to suppose that it should be deferential in the former case as well. But the analogy is imperfect, quite apart from its having been implicitly rejected by the Supreme Court in *Bruch* when it determined that the default standard of review in ERISA cases is plenary review, and quite apart from the fact that the social security statute specifies deferential ("substantial evidence") review. 42 U.S.C. § 405(g). The Social Security Administration is a public agency that denies benefits only after giving the applicant an opportunity for a full adjudicative hearing before a judicial officer, the administrative law judge. The procedural safeguards thus accorded, designed to assure a full and fair hearing, are missing from determinations by plan administrators. Herzberger v. Standard Ins. Co., 205 F.3d 327, 332(7th Cir. 2000).

The societal importance that private disability insurance fulfills, apart from Social Security, has been commented upon by Chief Justice Young of this Court. See Radford Trust v. Unum Life Ins. Co. of America, 327 F.Supp.2d 226, 240-241. (D. Mass. 2004). Thus, unlike Social Security cases where the governing statute explicitly provides for remands (42 U.S.C. §405(g)), there is no legal justification for remands of ERISA claims. In Mrs. Denmark's case, adoption of a Social Security type remand should be avoided.

B. Remand Results In The Court Providing An Advisory Opinion.

Remand is antithetical to the final judgment rule, and Article III, Section 2 of the Constitution and runs against Rule 1 of the Federal Rules of Civil Procedure. Remands of ERISA claims are the result of a misapplied application of an administrative law paradigm to ERISA cases[2] and a disregard of the directive of Rule 1 of the Federal Rules of Civil Procedure that the Rules.  That Rule applies to  to "all suits of a civil nature" with the exception of certain actions enumerated in Rule 81, none of which encompass ERISA claims. Indeed, the whole notion of remanding ERISA benefits claims after the parties have fully exhausted pre-suit appeals and the record is complete is contrary to the doctrine that federal courts are not to issue advisory opinions. Remand orders amount result in impermissible advisory opinions. According to Preiser v. Newkirk, 422 U.S. 395, 401-402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975),

> The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. As the Court noted in North Carolina v. Rice, 404 U.S. 244, 246 (1971), a federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the

---

[2] See, DeBofsky, "The Paradox of the Misuse of Administrative Law in ERISA Benefit Claims," 37 J.Marshall L.Rev. 727 (2004).

case before them." Its judgments must resolve "'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" (citations omitted).

A remand violates the foregoing Constitutional principle.

In addition, remands run against the Congressional intent expressed in the preamble to the ERISA statute that the law was enacted for the protection of plan participants and their beneficiaries, and that the ERISA law is aimed at securing for participants in employee benefit plans and their beneficiaries "appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. §1001(b). Finally, there is a practical reason to eschew remands which was recognized by the Seventh Circuit:

> Furthermore, because it must have been clear to the district court that "it would be unreasonable for the plan administrator to deny the application on any ground," Hess v. Hartford, 274 F.3d 456, 464 (7th Cir. 2001), the district court did not err by refusing to remand the case to the Committee for further reconsideration. Id; See also Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995) (no remand necessary where "no new evidence could produce a reasonable conclusion permitting a denial of the claim.") The defendants state that it is "quite likely that the Committee could consider additional evidence that would produce a reasonable conclusion permitting denial of Ms. Dabertin's claim," (Appellants' Brief at 24), yet they fail to inform the court what that evidence might be or why the Committee did not consider it in the first place. It would be a terribly unfair and inefficient use of judicial resources to continue remanding a case to the Committee to dig up new evidence until it found just the right support for its decision to deny an employee her benefits. See Vega, 188 F.3d at 302 n. 13 (parties must make their full records before coming to the federal courts as "allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided.") The district court appropriately concluded that a remand would serve no purpose. It did however, schedule further proceedings to determine the proper amount of damages. Dabertin v. HCR Manor Care Inc., 373 F.3d 822, 832 (7th Cir. 2004)

While it is understandable that courts prefer not to adjudicate disability benefit claims because of the need to make medical and vocational assessments, the United States District

Court for the District of Connecticut made the astute observation that deciding entitlement to benefits are performed in the ordinary course of a judge's duties, "It is exactly this type of choice, between the conflicting opinions of experts, that judges, juries, and patients must make every day in courtrooms and hospitals." Crocco v. Xerox Corp., 956 F. Supp. 129, 140 (D. Conn., 1997); aff'd in part, rev 'd in part 137 F.3d 105 (2d Cir. 1998). Indeed, Federal judges and juries decide insurance disputes and other cases involving medical and vocational judgments every single day. If this action involved an insurance fire loss question or a private disability insurance policy not governed by ERISA, both Mrs. Denmark and Liberty would expect this Court to render a final judgment after considering all the evidence; a remand would be an inconceivable result.

    C. Remand To The Insurer Rewards It For Bad Behavior.

Several district courts, as well as Circuit Courts, have pointed out that remand results in a purported fiduciary such as Liberty benefitting from its wrongful conduct. In Watson v. Unum Provident Corporation, 185 F.Supp.2d 579, 587 (D.Md. 2002), the court found:

> it is not appropriate to permit a plan administrator/insurer laboring under a manifest conflict of interest to avoid the consequences of its unreasonable and unprincipled deliberative process through the expedient of a remand. As this case does not involve pension or life insurance benefits, a refusal to grant a remand so that Unum might cure its flawed process in terminating Watson's disability benefits is of no moment. That is, under the terms of the policy, Unum is free to conduct a further review, a "principled process," at its election.

In yet another ruling, Fleet v. Independent Credit Union, No. 1:04-cv-00507-DFH-TAB, 2005 U.S.Dist.LEXIS 11778 *8 (S.D.Ind. 5/18/05), the Court characterized a remand when the insurer improperly denied benefit payments as a "mulligan"[3] and explained:

> If the procedure were to become routine, it would pose a serious risk of simply allowing "Mulligans" to sloppy plan administrators -- at the expense of both the courts and plan participants and beneficiaries. The Seventh Circuit has cautioned against such a risk: "It would be a terribly unfair and inefficient use of judicial resources to continue remanding a case to [the plan administrator] to dig up new evidence until it found just the right support for its decision to deny an employee her benefits." Dabertin v. HCR Manor Care, Inc., 373 F.3d 822, 832 (7th Cir. 2004), citing Vega v. National Life Ins. Servs., Inc., 188 F.3d 287, 302 n.13 (5th Cir. 1999) (en banc) (parties must make their full records before coming to federal courts and not allow the case to "oscillate between the courts and the administrative process").

Moreover, a law designed for the protection of plan participants and their beneficiaries fails to meet that goal where plan administrators are given multiple opportunities to shore up a defective record and benefits due are either delayed or denied. If the decision regarding benefits is both defective and wrong, there is no reason why a claimant should be denied benefits.

If remanding the case to the plan administrator for further proceedings is appropriate in some ERISA cases, it was not appropriate here. Mrs. Denmark has provided substantial evidence of her disability that meets the definitions in the Liberty policy. Under these circumstances, it would be unjust to allow a remand. As in Grosz-Salomon, 237 F.3d at 1163, this Court should concur in stating, "[A] plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts." Also see, Cook, 320 F.3d at 24; Watson, 185 F.Supp.2d at 587. Finally, applying the colorful language of Fleet, 2005 U.S. Dist. LEXIS 11778, there is no justification under

---

[3]"A golf shot not tallied against the score, granted in informal play after a poor shot especially from the tee." American Heritage Dictionary of the English Language (4th ed. 2000).

this record to grant to Liberty a "mulligan." Accordingly, no purpose is served by a remand and Mrs. Denmark should be awarded all benefits due, along with interest, and reasonable attorneys' fees permitted by statute. If this Court determines that remand is appropriate, appointing an independent fiduciary under 29 U.S.C. § 1109 would protect her interests.

WHEREFORE, plaintiff urges this Court not to remand this matter, but to afford the relief set forth in plaintiff's motion for summary judgment, or to appoint an independent fiduciary if this matter is remanded.

**DIANE DENMARK**
**/s/**Jonathan M. Feigenbaum

_____

Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

Date: November 4, 2005

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING TO ALL PARTIES OR THEIR COUNSEL OF RECORD THIS DAY BY MAIL DELIVERY
**/s/**Jonathan M. Feigenbaum
_____
JONATHAN M. FEIGENBAUM, ESQ.
L:\DENM001\MEMO SUPPLEMENT AGAINST REMAND.WPD


L:\Denm001\Memo Supplement Against Remand.wpd